## Lancaster v. Grant, etc.

(Decided January 9, 1913.)

### Appeal from Daviess Circuit Court.

1. Landlord and Tenant—Contract Providing for Surrender of Premises on Notice of Sale—Action for Rent—Plea of Surrender of Premises on Notice—Sufficiency of Evidence.—In an action for rent based on a contract providing that the tenant shall vacate the premises on being notified that the premises have been sold, evidence considered and held sufficient to support the verdict of the jury that notice of sale was given, and that the premises were surrendered pursuant to said notice.

2. Landlord and Tenant—Lease.—Where a lease provides that the premises shall be vacated by the tenant on being notified that the premises have been sold, the tenant is justified in vacating the premises upon receiving such notice from the landlord, whether the premises were actually sold or not. In such a case the law will not permit the landlord to take advantage of his own wrong by claiming that no sale was actually made.

3. Landlord and Tenant.—Action for Rent—Instruction.—In an action for rent based on a lease providing for a vacation of the

premises by the tenant upon notice that the premises have been sold, it was not error to submit to the jury the question whether or not the landlord notified the tenant that the sale had been abandoned, in the absence of evidence on which to base such instruction.

4.    Landlord and Tenant—Action for Rent—Instruction.—Where a lease provides that the tenant shall vacate the premises upon receiving notice that the premises have been sold, the tenant has a right, upon receiving such notice, to surrender the premises, without any formal act on his part, or without any acceptance by the landlord, and an instruction so advising the jury is proper.

LaVEGA CLEMENTS and LITTLE & SLACK for appellant.

.ALBERT B. OBERST and SWEENEY, ELLIS & SWEENEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On February 16, 1910, plaintiff, J. R. Lancaster, by written contract, leased to defendant, Ivo Grant, for a period of five years a farm containing about 85 acres and located in Daviess county, Kentucky. The rent to be paid was fixed at $400 per annum, and was to be paid on January 1st of each year, during the continuance of the lease. Besides other provisions, not necessary to be noticed, the contract contained the following:.

"It is understood and agreed that in the event that the first party should sell the tract of land herein leased, that said second party will surrender possession thereof at the end of the year in which such sale is made; provided, however, that second party shall have notice of such sale on or before the first day of December of the year in which such sale is made. And in the event of the termination of the tenancy as provided for in this paragraph, then the second party is to receive a fair compensation for the improvements made upon the land during said year; that is, for the crops that may be sown on said land but which will not mature until the succeeding year."

For the first year's rent, defendant, Ivo Grant, executed to plaintiff his note for $400, payable January 1, 1911, with J. R. Grant and George B. Berry as sureties.

Plaintiff brought suit on the above note against Ivo Grant and his sureties. Plaintiff also brought another action against Ivo Grant to recover rent due for the year 1911. These two suits were afterwards consolidated and considered together.

By way of defense to the suit on the note, the defendants pleaded the above stipulation of the contract with

reference to vacating the land upon notice, and with reference to the lessee's right to receive fair compensation for any crops sown on the land which would not mature until the succeeding year, and set up the fact that prior to the first day of December, 1910, plaintiff notified the defendant Grant that the land had been sold, and requested him to vacate the premises, which Grant did on January 1st, 1911. The answer further alleges that in the fall of the year 1910, the defendant Grant, had planted 40 acres of the land in wheat and 12 acres in rye, and fixing the value of these two crops at $250, pleads said sum as a counterclaim. As a defense to the action for rents for the year 1911, defendants pleaded the provision of the contract with reference to the vacation of the premises upon notice, and alleged that notice was given of the sale of the land prior to December 1, 1910, and that defendant, on January 1, 1911, vacated the premises and made no use of the land whatever for the year 1911. The allegations of the answers were denied by reply. A trial before a jury resulted in a verdict and judgment for the plaintiff in the suit on the $400 note for the sum of $215, with 6 per cent. interest from January 1, 1911, until paid, and in a verdict and judgment in favor of defendants in the suit to recover rent for the year 1911. The plaintiff appeals.

In addition to fixing the value of the wheat and rye crops at about $300, the defendant testified that before the first of December, 1910, the plaintiff called him over the 'phone and said: "Ivo, I have been down to look at that place today, and it is sold." Defendant said: "All right, Mr. Lancaster." Two or three days later he saw plaintiff, and plaintiff told him that he had sold the place to Estill Mattingly, Graham Lancaster and Miles Lancaster. Defendant then spoke to the plaintiff about buying the place for the sum of $14,000. Plaintiff replied that he would have to see the other parties who had bought it, and he didn't know what they thought about it. Subsequently, the contract was drawn up, dated December 28, 1910. Plaintiff said that there were one or two parties that had not signed the contract, and he did not know whether he could get them to sign it or not. Subsequently, defendant told him, before January 1st, that he had been disappointed in making arrangements to get the money to pay for the place. While these negotiations were going on, nothing was said about the rent contract one way or the other, or defendant's vacating.

the premises. Defendant had a negro tenant on the place, and told him in December that the place had been sold, and he would have to vacate. This negro moved out about February 1, 1911. J. R. Grant, a witness for the defendant, testified that plaintiff told him that he would have to see Miles Lancaster and Graham Lancaster about renting the place. Isaac Winstead testified that he bought the place sometime in September, 1911. He got a deed for it in October, and was put in possession of it the same year. He had contracted for the place in May, 1911.

Plaintiff, Lancaster, practically admits having notified defendant, Grant, that the land had been sold, but his testimony is devoted chiefly to recounting the negotiations had between him and Grant with reference to the purchase by the latter from plaintiff's vendees. He also testified that the sale to Mattingly, Lancaster and others never went through. He does not claim, however, that the question of a revocation of the notice of the sale, or question of the vacation of the premises by defendant was ever talked of in the various conversations that took place between him and defendant.

For plaintiff it is insisted that the evidence of the notice to vacate, and of the abandonment of the premises by defendant is insufficient to support the verdict. It will be observed that the lease does not provide for a regular notice to vacate. It simply provides that second party will surrender possession of the premises at the end of the year in which the sale is made, provided he receives notice of such sale on or before the first day of December of the year in which the sale is made. In other words, notice that the sale has been made is, under the contract, a notice to vacate the premises. As defendant, Grant, testified emphatically to the fact that plaintiff notified him before December 1, 1910, that the land had been sold, and as plaintiff practically admits that he gave such notice, it follows that the evidence authorized the jury to find that a notice to vacate the premises had been given. There is no merit in plaintiff's contention that defendant had no right to vacate the premises unless it was shown that a sale had actually been made. Plaintiff told him that the sale had been made, and whether made or not, notice of this fact was sufficient to justify the defendant in vacating the premises. Certainly plaintiff could not notify him that a sale had been made, and then complain of the fact that defendant acted upon such no-

tice. To so hold would permit plaintiff to take advantage of his own wrong.

It is also insisted that the court erred in refusing to give the following instruction:

"If you believe from the evidence that plaintiff notified defendant that he had sold the land in controversy, and further believe from the evidence that after such notification he notified defendant that said sale had been abandoned, then said first notice was not sufficient to authorize defendant to surrender possession for the year 1911."

Even if this instruction be correct in theory, a question which we deem it unnecessary to decide, we fail to find in the record any evidence upon which to base such an instruction. It does not appear that defendant was ever notified that the sale had been abandoned. It does appear that defendant himself was negotiating for the purchase of the land; but even in these negotiations plaintiff regarded the title of the land as being so far in his vendees as to make it necessary for them to enter into the contract of sale to defendant. While, of course, the relations of plaintiff and defendant Grant would have been changed had defendant purchased the land, yet these negotiations fell through, and we are unable to see how these negotiations may be construed either as an abandonment of the sale which plaintiff had made to other parties, or as imposing upon the defendant the legal duty to remain on the premises.

Particular complaint is made of instruction No. 3, which is as follows:

"Third: The expression 'surrender of possession' as used in instruction number one, means an offer on the part of defendant and an acceptance on the part of plaintiff, and you cannot find that defendant surrendered possession unless you believe from the evidence that plaintiff accepted defendant's offer; and the fact alone that plaintiff took possession of the wheat and harvested it cannot be considered as an acceptance of defendants' offer to surrender possession, if you believe from the evidence that he took possession only for the purpose of preventing the loss of said wheat; but if the jury believe from the evidence that the plaintiff gave the defendant notice to vacate in November, 1910, and the defendant did surrender possession of the farm within a reasonable time after January 1st, 1911, whether the plaintiff ac-

cepted it or not, it released the defendant for liability for the rent of the farm in 1911.''

The only just complaint of this instruction is that the first part of it is even more favorable to plaintiff than the facts of the case warrant. Certainly, the latter part of the instruction, which defendant criticizes, is entirely proper. The real question in the case was whether or not plaintiff notified the defendant before December 1, 1910, that the land had been sold. If he did, this, under the contract, was notice to vacate. Having notice to vacate, defendant had the right to surrender the premises, without any formality on his part, and without reference to any acceptance on the part of the plaintiff.

Finding no error in the record prejudicial to the substantial rights of the appellant, the judgment is affirmed.